THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:18-cv-550

| | |
|---|---|
| **TRACIE TALLEY, et al.**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**LINCOLN PROPERTY COMPANY, LINCOLN PROPERTY COMPANY MANAGER, INC., GREYSTONE WW COMPANY, LLC d/b/a GREYSTONE AT WIDEWATERS, STERLING FOREST ASSOCIATES, LLC d/b/a VERT @ SIX FORKS, INMAN PARK INVESTMENT GROUP, INC. d/b/a INMAN PARK APARTMENTS,**<br><br>    **Defendants.** | **NOTICE OF REMOVAL** |

Defendants Lincoln Property Company and Sterling Forest Associates, LLC d/b/a Vert @ Six Forks (hereinafter "Removing Defendants"), through counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby file a Notice of Removal of this action from the North Carolina General Court of Justice, Superior Court Division, Wake County, to the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441, and 1446. In support of this removal, Defendants state the following:

1

## I. Removal is timely and proper.

1. On October 12, 2018, Plaintiffs Tracie Talley f/k/a Tracie Jones, Demorris Walters, Shante Pruitt, Megan Luckey, and Latoya Glover ("Plaintiffs") caused initial pleadings to be filed against Defendants in the General Court of Justice, Superior Court Division of Wake County, North Carolina, Case No. 18-CVS-9123 (the "State Court Action").

2. Plaintiffs caused the Summons and Complaint in the State Court Action to be served on Removing Defendants on or after October 15, 2018.

3. Accordingly, this Notice of Removal has been filed within thirty days of service on Removing Defendants of Plaintiffs' Summons and Complaint.

4. All proper Defendants consent to the removal of this action. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) and (b)(2)(A).

5. A copy of the Summons and the Amended Complaint, together with all other process and pleadings served upon Defendants in the State Court Action, are attached hereto as <u>Exhibit 1</u>. These documents constitute all "process, pleadings, and orders" served upon Removing Defendants in the State Court Action as required by 28 U.S.C. § 1446(a).

6. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, together with a copy of the Notice of Removal and supporting papers. Pursuant to 28 U.S.C. § 1446(d), the same will be filed with the Superior Court of Wake

County, North Carolina. An unfiled copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit 2.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

## II. Citizenship Information of the Parties

### A. The Plaintiffs

8. All Plaintiffs claim to be citizens of Wake County, North Carolina. (Am. Compl. ¶¶ 8–12.) Plaintiffs seek to represent a class of people who reside or resided in apartments located in North Carolina. (Am. Compl. ¶ 3).

### B. The Defendants

9. Defendant Lincoln Property Company ("Lincoln Property Company") is a corporation incorporated under the laws of the state of Texas, with its principal place of business in Dallas, Texas. (Declaration of Wendy Austin, attached as Exhibit 3, at ¶ 6.)

10. Defendant Lincoln Property Company Manager, Inc. ("LPC Manager, Inc.") is the operating name under which LPC Manager, Inc. transacts business in the state of North Carolina. LPC Manager, Inc. is a corporation incorporated under the laws of the state of Delaware, with its principal place of business in Dallas, Texas. (Austin Decl. ¶ 7.)

11. Defendant Greystone WW Company, LLC d/b/a Greystone at Widewaters ("Greystone LLC") is a limited liability company organized under the laws of the state of North Carolina. (Declaration of Robert J. Gage, attached as Exhibit 4, at ¶ 3.)

(a) Greystone LLC's members are

    (i) David E. Kaplan, a natural person domiciled in the District of Columbia; and

    (ii) Greystone Investment Company, LLC. (Gage Decl. ¶ 3(a)(i)–(ii).)

(b) Greystone Investment Company, LLC's members are

    (i) Robert Gage, a natural person domiciled in the state of Maryland;

    (ii) RJG Non-Marital Spousal Trust FBO Charles J. Gage, a Maryland trust whose sole trustee is a natural person domiciled in the State of Maryland and whose sole beneficiary is a natural person domiciled in the Commonwealth of Pennsylvania;

    (iii) RJG Discretionary GST Trust, a Maryland trust whose sole trustee is a natural person domiciled in the District of Columbia and whose beneficiaries are natural persons domiciled in the Commonwealth of Pennsylvania and the State of Connecticut; and

    (iv) RJG Non-Marital Spousal Trust FBO Rachel E. Gage, a Maryland trust whose sole trustee is a natural person domiciled in the State of Maryland and whose sole

beneficiary is a natural person domiciled in the State of Connecticut. (Gage Decl. ¶ 3(b)(i)–(iv).)

12. Defendant Sterling Forest Associates, LLC d/b/a Vert @ Six Forks ("Sterling LLC") is a limited liability company organized under the laws of the state of Delaware. (*See* 2018 Sterling Forest Associates, LLC Limited Liability Company Annual Report, E-Filed with the North Carolina Secretary of State, attached as Exhibit 5.)

13. Defendant Inman Park Investment Group, Inc. d/b/a Inman Park Apartments ("Inman Park, Inc.") is a corporation incorporated under the laws of the state of Delaware, with its principal place of business in New York, New York. (*See* 2017 Inman Park Investment Group, Inc. Business Corporation Annual Report, E-Filed with the North Carolina Secretary of State, attached as Exhibit 6.)

### III. Federal jurisdiction is proper under the Class Action Fairness Act ("CAFA")

14. Federal district courts have original jurisdiction of any class action in which the matter in controversy exceeds the sum or value of $5,000,000, and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

15. For purposes of CAFA, an unincorporated association is deemed to be a citizen "of the State where it has its principal place of business and the State under whose laws it is organized." 28. U.S.C. 1332(d)(10).

16. The minimal diversity requirement under CAFA is met. All Plaintiffs are citizens of North Carolina. At least Defendants Lincoln Property Company, LPC Manager, Inc., and Inman Park, Inc. are citizens of a State different from North Carolina.

17. Although Removing Defendants strongly deny Plaintiffs and the classes they seek to represent are entitled to any damages, the amount in controversy based on the scope of Plaintiffs' claims exceeds $5 million.

18. Among other claims and allegations, Plaintiffs allege that Defendants violated N.C. Gen. Stat. § 75-50, *et seq*. (*See* Compl. ¶¶ 82–98). Plaintiffs and the putative classes seek statutory damages of up to $4,000 for each violation of N.C. Gen. Stat. § 75-50, *et seq*. in the four years preceding the filing of Plaintiffs' Complaint through June 25, 2018. (Am. Compl. ¶¶ 158, 192).

19. The Amended Complaint alleges violations at three North Carolina apartment complexes: Greystone at Widewaters, Vert @ Six Forks, and Inman Park. (Am. Compl. ¶ 3.)

20. Within the four years preceding filing of the Amended Complaint, and through June 25, 2018, the "Initial Collection Letter" described in Paragraph 35 of Plaintiffs' Amended Complaint, or a similar letter, may have been sent approximately 2,708 times to approximately 698 different tenants in these three apartment complexes. Austin Decl. ¶ 10.

21. Within the four years preceding filing of the Amended Complaint, and through June 25, 2018, the "Subsequent Collection Letter" described in Paragraph 53 of

Plaintiffs' Amended Complaint, or a similar letter, may have been sent approximately 589 times to approximately 213 different tenants in these three apartment complexes. Austin Decl. ¶ 11.

22. Within the four years preceding filing of the Amended Complaint, and through June 25, 2018, the fees ranging from $191 to $231 described in Paragraphs 63, 83, 103, 123, and 143 of Plaintiffs' Amended Complaint, or a similar charge, were charged to and paid by approximately 213 different tenants approximately 589 times in these three apartment complexes. Austin Decl. ¶ 12.

23. If Plaintiffs were to prove one violation of N.C. Gen. Stat. § 75-50, *et seq*. for each Initial Collection Letter, Subsequent Collection Letter, and Eviction Fee, and the class was awarded the maximum statutory amount of $4,000 per violation, the putative classes could receive a judgment of more than Five Million Dollars ($5,000,000) in statutory penalties alone.

24. Plaintiffs also seek compensatory damages, "damages calculated pursuant to N.C.G.S. § 75-8 for each week that Defendants' illegal conduct occurred," treble damages under N.C. Gen. Stat. § 75-1.1 for each purported violation of N.C. Gen. Stat. § 42-46, declaratory relief, attorneys' fees, and costs. (Am. Compl., Prayer for Relief ¶¶ 3–14). Accordingly, the amount in controversy exceeds $5 million, and this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d) and 1441.

Defendants submit this Notice of Removal without admitting any of Plaintiffs' allegations, without waiving any defenses to the claims asserted by Plaintiffs, without

conceding that Plaintiffs have pleaded claims upon which relief can be granted, without admitting that Plaintiffs have standing, and without admitting that Plaintiffs are entitled to any monetary or equitable relief whatsoever.

WHEREFORE, Lincoln Property Company and Sterling Forest Associates, LLC d/b/a Vert @ Six Forks, respectfully pray that the above-captioned action now pending against them proceed in this Court as an action properly removed.

Respectfully submitted, this the 14th day of November, 2018.

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Rudolf Garcia-Gallont
Reid C. Adams, Jr.
(N.C. Bar No. 9669)
Jonathan Reich
(N.C. Bar No. 41546)
Rudolf Garcia-Gallont
(N.C. Bar No. 50718)
One West Fourth Street
Winston-Salem, North Carolina 27101
Phone: (336) 721-3600
Fax: (336) 721-3660
Email: cal.adams@wbd-us.com
Email: jonathan.reich@wbd-us.com
Email: rolf.garcia-gallont@wbd-us.com

*Attorneys for Removing Defendants*

# CERTIFICATE OF SERVICE

This is to certify that on November 14, 2018, a copy of the foregoing **Notice of Removal** was filed electronically with the Clerk of Court using the CM/ECF system.

It is further certified that on November 14, 2018, a copy of the foregoing **Notice of Removal** was served upon the following by U.S. First Class Mail, postage prepaid and addressed as follows:

| | |
|---|---|
| Edward H. Maginnis | Scott C. Harris |
| Karl S. Gwaltney | Patrick M. Wallace |
| Maginnis Law, PLLC | Whitfield Bryson & Mason LLP |
| 4801 Glenwood Avenue, Suite 310 | 900 W. Morgan Street |
| Raleigh, North Carolina 27612 | Raleigh, North Carolina 27603 |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Rudolf Garcia-Gallont
Reid C. Adams, Jr.
(N.C. Bar No. 9669)
Jonathan Reich
(N.C. Bar No. 41546)
Rudolf Garcia-Gallont
(N.C. Bar No. 50728)
One West Fourth Street
Winston-Salem, North Carolina 27101
Phone: (336) 721-3600
Fax: (336) 721-3660
Email: cal.adams@wbd-us.com
Email: jonathan.reich@wbd-us.com
Email: rolf.garcia-gallont@wbd-us.com

*Attorneys for Removing Defendants*