IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| TRACIE TALLEY f/k/a TRACIE JONES, DEMORRIS WALTERS, SHANTE PRUITT, MEGAN LUCKEY, and LATOYA GLOVER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LINCOLN PROPERTY COMPANY, LINCOLN PROPERTY COMPANY MANAGER, INC., GREYSTONE WW COMPANY, LLC d/b/a GREYSTONE AT WIDEWATERS, STERLING FOREST ASSOCIATES, LLC d/b/a VERT @ SIX FORKS, INMAN PARK INVESTMENT GROUP, INC. d/b/a INMAN PARK APARTMENTS,<br><br>DEFENDANTS. | Case No. 5:18-cv-550-D |

**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASSES FOR PURPOSE OF SETTLEMENT, DIRECTING NOTICE TO THE CLASSES, AND <u>SCHEDULING FAIRNESS HEARING</u>**

WHEREAS Tracie Talley f/k/a Tracie Jone, Demorris Walters, Shante Pruitt, Megan Luckey and Latoya Glover ("Plaintiffs") and Defendants Lincoln Property Company, Lincoln Property Company, Inc., Greystone WW Company, LLD d/b/a Greystone at Widewaters, Sterling Forest Associates, LLC d/b/a Vert @ Six Forks, Inman Park Investment Group, Inc. d/b/a Inman Park Apartments ("Defendants") (collectively referred to as "the Parties"), have reached a Settlement Agreement ("the Settlement" or "Settlement

Agreement") resolving this action;

WHEREAS, the Settlement Agreement sets forth the terms and conditions of a proposed class action settlement and Plaintiffs have moved, pursuant to Fed. R. Civ. P. 23(e) and 23(g), for an Order seeking preliminary approval of a class action settlement, certifying the settlement class, appointing settlement class counsel and settlement class representative, approving class notice, and scheduling a fairness hearing ("Motion");

IT IS ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

**<u>Class Certification for Settlement Purposes Only</u>**

1. The proposed Settlement Agreement submitted with the Motion is preliminarily approved, pending the notice and formal approval process set forth herein.

2. Based on the submissions of the parties, and for purposes of this settlement only, the Court conditionally makes the following findings:

    a. The members of the Classes defined in the Settlement Agreement are so numerous as to make joinder impracticable;

    b. There are questions of law and fact common to the Classes, and such questions predominate over any questions affecting only individual Class Members;

    c. Plaintiffs' claims are typical of the claims of the Class Members;

    d. Plaintiffs and their counsel can fairly and adequately protect, and have to date fairly and adequately protected, the interests of the Class Members in this action; and

    e. A class action is superior to other available methods for fairly and efficiently resolving the controversy placed at issue in this Action.

3. Accordingly, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court provisionally certifies the Classes defined as:

**Collection Letter Class**: All natural persons who (a) at any point between July 20, 2014 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a Collection Letter.

**Eviction Fee Class**: All natural persons who (a) at any point between July 20, 2014 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) paid Eviction Fees.

Excluded from the Settlement Classes are (1) persons who are employees, directors, officers, and agents of Defendants; (2) persons who timely and properly exclude themselves from the Settlement Class as provided in this Agreement; (3) anyone who has previously executed a written release of all claims against Defendants related to the collecting of Eviction Fees and would otherwise be a member of the Settlement Class; and (4) the Court, the Court's immediate family, and Court staff.

**Class Counsel and Class Representative**

4. Edward H. Maginnis and Karl S. Gwaltney of Maginnis Howard Law, PLLC, and Scott C. Harris and Patrick M. Wallace of Milberg Coleman Bryson Phillips Grossman, PLLC are appointed as Class Counsel.

5. Tracie Talley f/k/a Tracie Jones, Demorris Walters, Shante Pruitt, Megan Luckey and Latoya Glover are appointed as representatives of the Classes.

**Preliminary Approval**

6. The Settlement Agreement is preliminarily approved as describing a

3

settlement that is within the range of settlements that the Court would find to be fair, reasonable and adequate.

7. The Court's preliminary approval is subject to the right of any Class Member to challenge the Settlement and to show cause, if any exists, why a Final Order and Judgment dismissing this Action based on the Settlement should not be entered, after due and adequate notice has been provided to the Class and a fairness hearing has been held as otherwise ordered herein.

8. The Court finds that the Settlement Agreement resulted from arm's-length negotiations, extensive investigation, and motions practice, and that the proposed settlement is sufficiently fair and reasonable so as to warrant notice thereof to the Classes, and to warrant a hearing concerning the settlement and the terms set forth in the Settlement Agreement.

## **Fairness Hearing**

9. A hearing (the "Fairness Hearing") shall be held before this Court on __1/21/22__ at __1:00 pm__ to determine whether (a) the Classes provisionally certified herein in fact satisfy each of the prerequisites for class certification set forth in Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3); (b) the settlement proposal described in the Settlement Agreement is fair, reasonable, and adequate; (c) orders granting final approval of the Settlement, entering final judgment and dismissing the Complaint, as provided in the Settlement, should be entered; and (d) the applications of Class Counsel for the payment of attorneys' fees and expenses and

4

Plaintiffs' service awards should be approved.

10. At the Fairness Hearing, the Court will consider any objections presented by the Settlement Class members and the parties' responses to any such objections.

**Pre-Hearing Notice**

11. The Court finds that the manner and content of the Settlement Notice as set forth in the Settlement Agreement and in the Exhibits to the Settlement Agreement will provide the best notice practicable to the Classes under the circumstances.

12. The Notice Period must commence within fourteen (14) calendar days after the entry of the Preliminary Approval Order and should be substantially complete no later than forty-five (45) days after the entry of the Preliminary Approval Order via electronic mail, first-class mail, an Internet website, and a toll-free number as set forth in the Settlement Agreement.

13. The Defendants shall provide the notification required under 28 U.S.C. § 1715 to each Appropriate Federal Official and to each Appropriate State Official.

**Requests for Exclusion from Class**

14. Any Class Member who wishes to be excluded from the proposed settlement must send a written request for exclusion to the Claims Administrator, in care of the post office box rented for that purpose, no later than sixty (60) days following entry of this Order.

5

15. Requests for exclusion must contain the following:

    a. the Class Member's name, address and telephone number;

    b. a statement by the Class Member that he/she wants to be excluded from the Class;

    c. the name and docket number of this Action; and,

    d. the Class Member's original signature.

16. Any Class Member who does not send a timely written request for exclusion meeting the conditions described in the foregoing paragraph shall be bound by the final settlement and by all subsequent proceedings, orders and judgments in this Action, even if such person has pending or subsequently initiates litigation or other proceedings against any Released Parties relating to matters or the claims released in this Action.

## **Objections to Settlement**

17. Any Class Member who does not file a timely written request for exclusion may object to the fairness, reasonableness, or adequacy of the settlement.

18. Class Members may not seek to exclude themselves from the Classes <u>and</u> file an objection to the proposed settlement, however.

19. Any member of a Class who wishes to object to any aspect of the settlement must deliver to Class Counsel and Defendants' Counsel, and file with the Court, no later than sixty (60) days following the entry of this Order, a written statement of his/her objection(s).

20. Written objections must include: (i) the objector's name, address, and

6

telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; (iv) proof of class membership; and (v) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

21. Class Members may raise an objection either on their own or through an attorney hired at their own expense.

22. If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class members represented by objector's counsel; (2) the number of such represented Settlement Class members who have opted out of the Settlement Class; and (3) the number of such represented Settlement Class members who have remained in the Settlement Class and have not objected.

23. If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve on Class Counsel and Defense Counsel not later than fifteen days before the Final Fairness Hearing or as the Court may otherwise direct a document containing the following: (1) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (2) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other

7

method; (3) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (4) the attorney's hourly rate.

24. Any Class Member who fails to comply with the provisions of the subsections concerning objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object and shall be bound by all the terms of the settlement and by all proceedings, orders and judgments in this Action.

## Retention of Administrator

25. The Court authorizes KCC Group to administer certain aspects of the settlement, including providing notice to the Class; establishing and maintaining the Settlement Website; receiving and maintaining correspondence regarding requests for exclusion, intervention and objections to the settlement; responding to inquiries from Class members received through the Settlement Website, or by first-class mail or by telephone; and assisting Defendants' Counsel and Class Counsel with other aspects of the settlement as necessary and directed by Counsel.

26. KCC Group will also serve as the Claims Administrator.

27. The Claims Administrator shall perform the following duties: (a) prepare the Notice Plan; (b) disseminate the Notice of Class Settlement; (c) process claim forms and opt-out forms; (d) receive and serve on Class Counsel, Defendants' Counsel, and the Court any written objections and

8

opt-out requests; (e) determine the amounts of the awards due to eligible Settlement Class members in accord with the terms and procedures set forth herein; (f) report, in summary or narrative form, to Class Counsel and Defendants' counsel regarding the completion of the tasks identified in this paragraph; (g) issue other reports and provide any and all files, documents, and data related to the Settlement Agreement, upon request, to Defendants' Counsel, or Class Counsel; (h) carry out other related tasks in accordance with the terms of the Settlement Agreement; and (i) agree to employ their best efforts to faithfully and fully perform any and all obligations and duties imposed on the Claims Administrator pursuant to the Settlement Agreement and its exhibits and amendments (if any).

## Effect of Final Approval

28. If the settlement proposed by the Parties is finally approved, the Court shall enter a separate order approving the settlement, entering judgment and dismissing, with prejudice, the Class Action Complaint.

29. Such order and judgment shall be fully binding with respect to all Class Members and shall release each and every Defendant and the Released Persons, along with their respective parent companies, lenders, insurers, investors, affiliates, suppliers, successors, assigns, subsidiaries, related entities and trustees and/or beneficiaries of trusts that have an interest in the above-referenced companies; and/or any current, past or future owners, members, directors, officers, employees, attorneys, accountants, direct and

indirect shareholders, partners, members, or agents of the foregoing, as well as any and all entities with a past or current interest in any apartment complex in which any Settlement Class member resided, to the extent such apartment complex was owned or managed by any Defendant during the Class Period, from any and all claims or causes of action that are based on, arise from or are related to, directly or indirectly, the Released Class Claims.

### Schedule

30. The following deadlines shall apply unless modified by further order of the Court:

   a. Notices in similar form of the Exhibits to the Settlement Agreement shall be sent to Class Members via first class mail and electronic mail, as provided in the Settlement.

   b. The Notices shall be made available through the Settlement Website no later than the date the first Class Notice is sent by e-mail.

   c. The notice period shall run until 45 days after entry of this Order.

   d. Any Claim Forms shall be filled out and submitted on or before 60 days after entry of this Order.

   e. Any notices to appear at the Final Approval hearing shall be filed on or before __12/5/21__, within 60 days of the entry of this Order.

   f. Any exclusions and objections to the Settlement shall be submitted on or before __12/5/21__, within 60 days of the entry of this Order.

10

g. The Fairness Hearing shall be held at **1:00 PM** on **1/21/22** in Courtroom No. **1** of the United States District Court for the Eastern District of North Carolina, approximately 100 days from this Order.

h. The parties shall file and serve papers in support of final approval of the settlement, including any responses to proper and timely objections filed thereto, by **12/19/21**, within 85 days of this order.

i. Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses and request for incentive awards to the Plaintiffs no later than on **12/19/21**, within 85 days of this order.

SO ORDERED. This **7** day of ~~July~~ (October) 2021.

JAMES C. DEVER III
United States District Judge